UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TASHA BAIRD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 13-077-DCR |
| ) | |
| V. ) | |
| ) | |
| BAYER HEALTHCARE ) | |
| PHARMACEUTICALS, INC., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant Bayer Healthcare Pharmaceuticals, Inc.'s ("Bayer") motion to dismiss certain claims. [Record No. 13] Bayer argues that some of Plaintiff Tasha Baird's claims should be dismissed because they are deficient under Kentucky law. The Plaintiff has not responded to the motion within the time provided by the local rules. *See* LR 7.1(c). For the reasons set forth below, Bayer's motion will be granted.

**I.**

Plaintiff Tasha Baird, a twenty-two year old female, had a Mirena Intrauterine Device ("Mirena IUD") placed by her doctor on April 2, 2009. [Record No. 1, p. 6 ¶¶41, 42] Defendant Bayer, the holder of the approved New Drug Application ("NDA") of the Mirena IUD, describes the product, which requires a prescription and must be implanted by a doctor,

-1-

as a "small (1.26 inches long), T-shaped, and made of soft, flexible plastic" device that is approved by the FDA as a contraceptive device. [Record No. 13-1, p. 2] Baird alleges that after placement of the Mirena IUD, she suffered complications, such as an ectopic pregnancy "and surgical and other medical treatments." [*Id.*, ¶45] Baird alleges that she has suffered "severe and permanent physical injuries, and has endured substantial pain and suffering," as well as incurring "significant expenses for medical care and treatment," and economic loss. [*Id.*, ¶46]

On April 9, 2013, the plaintiff filed the current action against Bayer, asserting the following claims: (1) negligence; (2) strict products liability — defective design; (3) strict products liability — manufacturing defect; (4) strict products liability — failure to warn; (5) strict products liability — defect due to non-comformance with representations; (6) strict products liability — defect due to failure to adequately test; (7) breach of express warranty; (8) breach of implied warranties; (9) fraudulent misrepresentation; (10) fraudulent concealment; (11) negligent misrepresentation; (12) fraud and deceit; and (13) punitive damages. [*Id.*, pp. 10-33] Bayer contends that the plaintiff's sixth, seventh, eighth, eleventh, and thirteenth[1] claims should be dismissed. The motion will be granted because Bayer has shown that some of the plaintiff's claims lack merit and should be dismissed under Rule 12(b)(6) and federal pleading standards.

---

1  In its brief, Bayer mistakenly refers to this as the plaintiff's fourteenth claim, when it is, in fact, her thirteenth listed claim. [*See* Record No. 13-1, p. 2; *see also* Record No. 1, p. 31.]

**II.**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual

allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation").

**III.**

Bayer seeks to dismiss the plaintiff's failure to adequately test claim, arguing that Kentucky law does not recognize a claim under this cause of action, and because it is simply a failure-to-warn claim in disguise. [Record No. 13-1, p. 6] It further argues that the plaintiff's breach of warranty claims fail because of privity of contract between Baird and Bayer is lacking. Next, Bayer argues that Baird's negligent misrepresentation claim is deficient because such a claim cannot be premised on a product's advertising or packaging. Finally, Bayer argues that the plaintiff's punitive damages claim should be dismissed because punitive damages are a remedy, not a cause of action.

### A.     Sixth Claim — Failure to Adequately Test

Bayer argues that this claim is should be dismissed because Kentucky does not recognize an independent duty to test pharmaceutical products. *See Prather v. Abbott Labs.*, No. 3:09-CV-573-H, 2013 U.S. Dist. LEXIS 47511, at *32-37 (W.D. Ky. Apr. 2, 2013) ("It is unclear whether Kentucky law recognizes an independent duty to test. No Kentucky cases explicitly impose such a duty, but a careful reading of the [Kentucky Products Liability Act] suggests testing may be indicative of whether the manufacturer satisfied its more general duty to exercise reasonable care.").

Where Kentucky courts have not spoken on the issue, this Court will not read into Kentucky products liability law a failure-to-test claim. The plaintiff's failure-to-warn

allegations will include the question of whether Bayer satisfied "its more general duty to exercise reasonable care."[2] *Prather*, 2013 U.S. Dist. LEXIS, at *33. In that regard, Baird's failure to adequately test claim is subsumed under her failure to warn claim. *See Clark v. Danek Medical, Inc.*, No. Civ.A. 3:94CV-634-H, 1999 WL 613316, at *3 n.4 (March 29, 1999) (finding a duty to adequately test as subsumed by claims such as failure-to-warn or design defect claims); *see also Rodriguez v. Stryker Corp.*, 680 F.3d 568, 574 (6th Cir. 2012) (finding that a failure-to-test claim brought under Tennessee law collapsed into a failure to warn claim where the factual averments and evidence showed that the manufacturer exercised ordinary and reasonable care in testing a product for potential danger). As a result, the Court will dismiss Baird's sixth claim.

### B.  Seventh and Eighth Claims — Breach of Warranty

Bayer next argues that the plaintiff's breach of warranty claims fail as a matter of law because there is no privity of contract between the plaintiff and defendant. As this Court has previously noted, privity of contract is an essential element to breach of warranty claims. *Pruitt v. Genie Indus., Inc.*, No. 3:10-81-DCR, 2013 WL 1397701, at *3 (E.D. Ky. Jan. 10, 2013). As in *Pruitt*, the plaintiff seeks to hold the defendant liable under theories of express and implied liability. [*Id.*; *see also* Record No. 1, pp. 21-23.] "Under Kentucky law, privity of contract is an essential element of a claim for breach of warranty." *Id.* (citing *Allen v.*

---

3   The Complaint alleges that Bayer "failed to adequately test the safety of [Mirena] versus other hormonal contraceptives, intrauterine devices and other form of birth control therapy." [Record No. 1, p. 20 ¶113] Additionally, it alleges that if Bayer had adequately tested the safety and disclosed the results to the public, Baird would not have used the Mirena IUD. [*Id.*, ¶14]

*Abbott Labs*, No. 11-146-DLB, 2012 WL 10508 (E.D. Ky. Jan. 3, 2012)). The same is true for an alleged breach of an implied warranty. *Brown Sprinkler Corp. v. Plumbers Supply Co.*, 265 S.W. 3d 237, 240 (Ky. App. 2007) (holding that a plaintiff asserted a claim based upon implied warranty must establish that it enjoyed privity of contract with the seller). Privity of contract does not extend beyond the "buyer/seller setting." *Munn v. Pfizer Hos. Prods. Grp., Inc.*, 750 F. Supp. 244, 248 (W.D. Ky. 1990).

In her Complaint, the plaintiff does not assert that she is in privity with Bayer. [Record No. 1, pp. 21-23] Both of her warranty claims lack any assertions regarding her purchase of the Mirena IUD, or Bayer's alleged status as the "seller" and Baird as the "buyer." Thus, Bayer is correct that the plaintiff has failed to assert an essential element of a breach of warranty claim under Kentucky law. *See Snawder v. Cohen*, 749 F. Supp. 1473, 1481 (W.D. Ky. 1990) (applying Kentucky law and granting summary judgment against patient who received vaccine, where patient lacked privity with manufacturer of the vaccine). Accordingly, the Court will dismiss Baird's seventh and eighth claims.

### C. Eleventh Claim — Negligent Misrepresentation

Bayer also asserts that the plaintiff's negligent misrepresentation claim is not viable because it is inappropriate in the context of product liability claims. Kentucky law limits negligent misrepresentation claims to instances where a party is in the business of "supplying false information for the guidance of others in their business transactions." *Our Lady of Bellefonte Hosp., Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, at *7 (E.D. Ky. Sept. 27, 2007). As noted by the Supreme Court of Kentucky, the

language of a negligent representation claim "is poorly suited to a product sale." *Presnell Construction Manager, Inc., v. EH Construction*, LLC, 134 S.W.3d 575 (Ky. 2004). In fact, there are no Kentucky cases recognizing a negligent misrepresentation claim based on a defective product and statements in its advertising and packaging. *Bland*, 2012 WL 524473, at *2. And the Sixth Circuit has anticipated that Kentucky law would not recognize a negligent misrepresentation claim in a commercial product sale. *See Miller's Bottled Gas, Inc. v. Borg-Warner Corp.*, 955 F.2d 1043, 1054 (6th Cir. 1992).

The plaintiff's negligent misrepresentation claim is based on Bayer's representations to the medical and healthcare community. [Record No. 1, p. 27] Allowing her negligent representation claim to proceed in this context would improperly expand this cause of action. As in *Bland*, the Court "declines any invitation to extend the negligent misrepresentation cause of action beyond its present limits set by the Kentucky Supreme Court." 2012 WL 524473, at *2. Thus, Baird's eleventh claim will be dismissed

**D.     Thirteenth Claim — Punitive Damages**

Finally, Bayer seeks to dismiss the plaintiff's claim for punitive damages because such damages "are a remedy, not a cause of action." [Record No. 13-1, p. 5] Bayer is correct that this "claim" is actually a prayer for relief, not a separate cause of action. *See Toon v. City of Hopkinsville*, No. 5:09-CV-37, 2011 WL 1560590, at *3 (W.D. Ky. Apr. 14, 2011). To

the extent that Baird is seeking to assert punitive damages as a separate cause of action, the claim will be dismissed.[3]

### III.

For the reasons stated above, it is hereby

**ORDERED** as follows:

1. Defendant Bayer Healthcare Pharmaceuticals, Inc.'s Motion to Dismiss Certain of Plaintiff's Claims [Record No. 13] is **GRANTED**.

2. Plaintiff Tasha Baird's sixth, seventh, eighth, eleventh, and thirteenth claims in her Complaint, respectively, her failure-to-test, breach of express warranty, breach of implied warranty, negligent misrepresentation, and punitive damages claims, [Record No. 1] are **DISMISSED**, with prejudice, for failure to state a claim upon which relief could be granted.

This 31st day of October, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

4  Baird has, however, properly included punitive damages in her prayer for relief. Accordingly, dismissing this as a claim has no effect on her ability or inability to collect punitive damages in this matter.